## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID STREEVER,

*Plaintiff*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, et al.,

*Defendants*.

Civil Action No. 1:26-cv-02356-RC

**ORAL ARGUMENT REQUESTED**

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff David Streever moves under Federal Rule of Civil Procedure 65 for a preliminary injunction against all Defendants, their officers, agents, servants, and employees, and any persons acting in concert with them. The accompanying Memorandum in Support of the Motion for Preliminary Injunction details the reasons why the Court should grant this motion.

In January, Plaintiff Streever sent an email to the Acting Director of ICE denouncing the conduct of his agency's officers in Minneapolis, where federal agents shot and killed two people during "Operation Metro Surge." Plaintiff's email (Verified Compl. ¶ 68, **Ex. 1**). Five months later, Homeland Security agents attempted to confront Streever at his home in Rochester, New York. When they learned Streever was not home, they tracked him down to a hotel in New York City where Streever was staying with his seven-year-old daughter while returning from a vacation in Europe.

The agents wanted to do more than talk. While at Streever's home, they served a "WARNING NOTICE" on Streever's wife (Verified Compl. ¶ 80, **Ex. 2**), telling her that her

1

husband "may or may not" have threatened the Acting Director of ICE. The "WARNING NOTICE" states that it is issued under the authority of the Department of Homeland Security, and that Streever "MAY BE IN VIOLATION OF FEDERAL LAW" by sending "an email to Acting ICE Director Todd Lyons [ICE] has reason to believe may constitute a violation of Title 18 of the U.S. Code."

The "WARNING NOTICE" warns of the potential for "federal and state prosecution" and that Streever's receipt of the "Notice will be taken into consideration, should you continue to be involved in any criminal activities described above." It also states that ICE is "responsible for enforcing crimes against the United States" and "is requesting that you promptly … discontinue the aforementioned behavior." After media outlets learned about Streever's plight, the agency issued a public statement announcing it is now conducting an "ongoing" investigation into Streever's three-paragraph email, sent more than five months ago. DHS repeated that statement in the hours after Streever filed this lawsuit.

Defendants are violating Streever's First Amendment right to free speech, and his right to petition the government for a redress of grievances. Streever's email is political speech about a law enforcement official, placing it squarely within the First Amendment's protection. *See Bridges v. California*, 314 U.S. 252, 263 (1941) (the "First Amendment does not speak equivocally" in prohibiting the abridgment of the freedom of speech, and so "must be taken as a command of the broadest scope that [its] explicit language, read in the context of a liberty-loving society, will allow"); *Houston v. Hill*, 482 U.S. 451, 462–63 (1987) (freedom to criticize police without risking arrest is what separates our "free nation from a police state"). Nor can Defendants meet their burden to show that Streever's email constitutes an unprotected true threat, both (a) because no reasonable person would interpret it as a serious expression of an intent to commit violence and

(b) because there is no evidence that Streever was subjectively reckless to the likelihood a reasonable person would interpret it as a serious expression of an intent to commit violence.

Defendants' actions violate the First Amendment twice over: They are unconstitutionally using state power to coerce Streever into silence, and they are unconstitutionally retaliating against Streever for his protected government criticism. Defendants' conduct is thus causing Streever irreparable harm by chilling his First Amendment rights. Their actions—demanding he "discontinue" protected speech Defendants have incorrectly cast as unlawful threats, issuing a formal "WARNING NOTICE" threatening criminal consequences, repeatedly attempting to confront him, tracking his movements, and publicly announcing that ICE is continuing to investigate his speech—have led Streever to self-censorship, as it would any person of ordinary firmness. That "loss of First Amendment freedoms, for even minimal periods of time," is "unquestionably" irreparable injury. *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (citation omitted). And Defendants have vowed to continue their campaign, repeatedly telling the press and public that they are conducting an "ongoing" investigation.

Plaintiff's likely success on the merits also means the balance of equities strongly favors injunctive relief: There is weighty public interest in ensuring the government complies with the Constitution's protections for fundamental rights, and Defendants have no legitimate interest in curtailing protected expression. *See Media Matters for Am. v. Paxton*, 138 F.4th 563, 585 (D.C. Cir. 2025).

For these reasons, the Court should grant this Motion and enter a preliminary injunction:

1. Finding Defendants' actions likely unconstitutional and unlawful;

2. Directing Defendants, their officers, agents, servants, and employees, and any persons acting in concert with them to cease taking any further actions, formal or

3

informal, to coerce, threaten, retaliate against, or intimate repercussions directly or indirectly to Plaintiff Streever for his protected speech and petitioning activity in his email dated January 26, 2026;

3.    Directing Defendants, their officers, agents, servants, and employees, and any persons acting in concert with them to take no actions, formal or informal, to coerce, threaten, retaliate against, or intimate repercussions directly or indirectly to Streever due to his protected speech or petitioning activity; and

4.    Prohibiting Defendants, their officers, agents, servants, and employees, and any persons acting in concert with them from taking any further steps in reliance on Streever's receipt of the "WARNING NOTICE."

A proposed order accompanies this Motion.

Dated: July 7, 2026                          Respectfully submitted,

/s/ JT Morris
JT Morris, Tex. Bar No. 24094444
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
jt.morris@fire.org

Adam Steinbaugh, Penn. Bar No. 326475*
Jeffrey Zeman, Penn. Bar No. 328570*
Hannah Abbott, Penn. Bar No. 337123*
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION (FIRE)
510 Walnut St., Ste. 900
Philadelphia, Penn. 19106
(215) 717-3473
adam@fire.org
jeff.zeman@fire.org
hannah.abbott@fire.org

4

5

*\* Pro hac vice* application pending.

*Counsel for Plaintiff*

5

**CERTIFICATE OF CONFERENCE**

As required by Local Civil Rule 7(m), at approximately 6:56 PM on Monday, July 6, 2026, undersigned counsel emailed the Director, Deputy Director, and Assistant Branch Director of the Federal Programs Branch of DOJ, along with the Chief of the Civil Division of the U.S. Attorney's Office in Washington, D.C. to notify them of Plaintiffs' intent to file this motion by the end of today (July 7, 2026) and to ascertain Defendants' position on the same. On Tuesday, July 7, at 11:37 AM, Assistant U.S. Attorney Mason D. Bracken sent me an email identifying himself as the Assistant U.S. Attorney assigned to the case. Mr. Bracken's email inquired as to the bases for emergency and preliminary relief, the nature of the irreparable harm, and solicits Plaintiff's position on a transfer of venue. I responded to Mr. Bracken's email at 12:31 PM but have yet to receive further indication as to Defendants' position.

/s/ JT Morris
JT Morris, Bar No. 979772
FOUNDATION FOR INDIVIDUAL
    RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
jt.morris@fire.org

*Counsel for Plaintiff*