**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DAVID STREEVER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 26-2356 (RC) |
| | : | | |
| v. | : | Re Document No.: | 17 |
| | : | | |
| MARKWAYNE MULLIN, in his official | : | | |
| capacity as Secretary of the Department of | : | | |
| Homeland Security, *et al.* | : | | |
| | : | | |
| Defendants. | : | | |

## ORDER

### GRANTING IN PART AND DENYING IN PART DEFENDANTS' PROCEDURAL REQUESTS ACCOMPANYING THEIR MOTION TO DISMISS

On July 21, 2026, Defendants moved to dismiss Plaintiff's Complaint for improper venue under Fed. R. Civ. P. 12(b)(3). *See* ECF No. 17 at 2. The Court does not address Defendants' arguments under Fed. R. Civ. P. 12(b)(3) at this time, in no small part because Plaintiff has not had any opportunity to respond.

But Defendants make three additional procedural requests in their motion: (1) that the Court hold the briefing schedule on Plaintiff's Motion for Preliminary Injunction (ECF No. 9) in abeyance until it rules on Defendants' Motion to Dismiss; (2) that the Court grant Defendants an extension to respond to Plaintiff's Motion for Preliminary Injunction until seven days after it rules on the motion to dismiss; and (3) that the Court grant Defendants leave to later raise other defenses under Fed. R. Civ. P. 12. ECF No. 17 at 2. Plaintiff opposes all three requests. *Id.* Because the disposition of these procedural requests will affect how the parties prepare for and approach the litigation of pending motions, the Court will address them now. It will deny the first request, grant in part the second request, and grant in full the third request.

The Court denies Defendants' request to hold the preliminary-injunction briefing in abeyance because the request runs counter to the expeditious nature of a preliminary injunction. Although not all preliminary injunctions require the same degree of expediency, postponing briefing on the preliminary injunction in this case until after the court rules on Defendants' motion to dismiss, which would necessarily come after that motion is fully briefed and the Court has an opportunity to come to a decision, would considerably push back resolution of the preliminary-injunction motion. If the Court denies the motion to dismiss, it would then need to wait for Defendants' opposition and then after that Plaintiff's reply. If the Court grants the motion and transfers the case, the transferee court would need to do the same. In either case, resolution of the preliminary-injunction motion would be delayed. Moreover, the Court cannot forecast at this time how long it will take it to consider and rule on the arguments raised in Defendants' motion to dismiss, so it is disinclined to grant such an indeterminate extension.

Defendants argue that waiting to brief the motion for a preliminary injunction makes sense because, if the case is transferred, the parties will be litigating under Second Circuit precedent rather than D.C. Circuit precedent. *See* ECF No. 17 at 21. That is true. But, as the Court sees it, this can be easily remediated through supplemental briefing if the case is transferred (and if the transferee court sees fit to order it). Defendants have given no indication that the differences in the two circuits' jurisprudence is great. Thus, in the Court's judgment, it would still be more efficient to have most of the issues briefed before any transfer. The Court will therefore deny the request to hold briefing in abeyance.

The Court will, however, grant in part Defendants' second request. The Court will extend Defendants' deadline to respond to Plaintiff's motion for a preliminary injunction until

August 5, 2026.  The Court will also correspondingly extend Plaintiff's deadline for a reply brief to August 12, 2026.

Finally, the Court will grant Defendants' request for leave to preserve other defenses under Fed. R. Civ. P. 12.  The Court appreciates that the parties labor under a strenuous schedule in cases involving a motion for preliminary injunction like this one.  And if the Court resolves the pending motions before any other Rule 12 motion is due, that Court's decision may shed some helpful light on the issues that Defendants may raise under Rule 12.  Thus, the Court finds Defendants' request reasonable and will grant it.

For these reasons, the procedural requests in Defendants' motion to dismiss (ECF No. 17) are **GRANTED in part and DENIED in part.**  It is hereby:

**ORDERED** that Defendants' request to hold the briefing schedule for Plaintiff's Motion for Preliminary Injunction in abeyance is denied; and it is

**FURTHER ORDERED** that Defendants' response to Plaintiff's Motion for Preliminary Injunction shall be due on or before August 5, 2026, and Plaintiff's Reply in Support of the Motion for Preliminary Injunction shall be due on or before August 12, 2026; and it is

**FURTHER ORDERED** that Defendants have leave to raise other defenses under Fed. R. Civ. P. 12 on or before any such motion is due in response to the complaint (i.e., sixty days after service has been effected on Defendants pursuant to Fed. R. Civ. P. 4(i) or as otherwise extended by the Court).

**SO ORDERED**.

Dated:  July 29, 2026                                    RUDOLPH CONTRERAS
                                                         United States District Judge