UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID STREEVER, <br><br> Plaintiff, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, et al., <br><br> Defendants. | Civil Action No. 26-2356 (RC) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(3) OR, IN THE ALTERNATIVE, TO TRANSFER**

It appears that Plaintiff's position in his Opposition is not even loosely aligned with his own Complaint. Streever's assertions in his Opposition about conduct in Washington, D.C. appear nowhere in his Complaint. As such, Streever flagrantly violates the "axiomatic" rule "that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) (citation omitted)). Strip away what Streever added in briefing to salvage venue—all the new assertions, gloss, and unreasonable inferences. That leaves no conduct or proper defendants in Washington, D.C. "[T]he burden is on the plaintiff to establish that the district he chose is a proper venue." *Williams v. Wells Fargo Bank N.A.*, 53 F. Supp. 3d 33, 36–37 (D.D.C. 2014) (citation omitted). Streever has not met that burden. Thus, the Court should dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(3).

**ARGUMENT**

Start with the facts actually alleged in the Complaint. Agents Henry and Brodie visited Streever's home in Rochester, New York to investigate, spoke with his wife, and delivered a

Warning Notice. Compl. ¶¶ 71–88. Then Agent Pitts attempted to speak with him at his New York City hotel, called him, and left two voicemails. *Id.* ¶¶ 89–95. All of this happened in New York.

Next, Streever does not dispute that the Complaint pleads no allegations about the personal involvement of the DHS Secretary, Acting ICE Director, or ICE OPR Director. Streever instead attempts to amend his Complaint through his Opposition, asserting that "DHS and ICE officials under Mullin and Venturella's direction" acted and "under the direction of Fenton, decided to issue Streever a 'Warning Notice.'" Plaintiff's Opp. to Def. Mot. Dismiss or Transfer ("Pl. Opp.") at 1-2 (ECF No. 19). But those allegations were not included in the Complaint. Mullin appears in four paragraphs which name him as a Defendant, allege he performs his duties in Washington, D.C., and cite his legal authorities over DHS. Compl. ¶¶ 24, 28–30. Same for Venturella, generically asserting his authority over ICE and ICE OPR. *Id.* ¶¶31–34. Likewise for Fenton, generally asserting her authority over ICE and ICE OPR. *Id.* ¶¶ 35–37. Plainly, Streever alleges no facts about their involvement: not that they wrote his Warning Notice, directed acts against him, or even knew anything about him. In response to Defendants' reliance on *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), for the proposition that Streever has not alleged any facts supporting the personal involvement of the DHS Secretary, ICE Acting Director, and ICE OPR Director, Streever tries to cabin *Iqbal* to *Bivens* claims for damages, Pl. Opp. at 8—an odd approach given that federal courts cite the decision for proper pleading standards literally every day. Moreover, Streever wrongly relies on a decision concerning the Eleventh Amendment's applicability to individual and official capacity claims against a Virginia state official. Pl. Opp. at 8 (citing *Cnty. Bd. of Arlington, VA v. U.S. Dep't of Transp.*, 705 F. Supp. 2d 25, 30 (D.D.C. 2010)).

Streever also invites the Court to infer (unreasonably) that the "Warning Notice is a form . . . [,] a systemic means, devised in Washington, D.C., of threatening Americans over their political speech." Pl. Opp. at 2. Streever's Opposition cites nothing in the Complaint that would enable the Court to make such an inference. Because he pleaded none. At the motion to dismiss stage, the Court may not "accept inferences that are unsupported by the facts set out in the complaint[.]" *Kareem v. Haspel*, 986 F.3d 859, 866 (D.C. Cir. 2021) (citation omitted). "[V]ague allegations of conspiratorial activity possibly occurring in the District" do not establish venue here. *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 190 (D.D.C. 2018). Yet that is all Streever's Opposition provided.

The Court should also discard Streever's misunderstanding that, as his Opposition puts it, a DHS spokesperson announced that DHS had an "ongoing" investigation into him. Pl. Opp. at 2, 10. Streever mischaracterizes a DHS spokesperson's words, who functionally gave a reporter a no-comment response. As actually written in the NPR article, NPR wrote in full about the DHS non-comment:

> DHS did not respond to questions about the case, including a request to confirm that the email that triggered the HSI agents to visit David Streever was the same Jan. 26 email reviewed by NPR. The department gave NPR a statement that said: "ICE investigates all credible threats towards its employees and officers, including threats to the ICE Director. As a matter of policy, we do not comment on any ongoing investigations."

*See* Jude Joffe Block, NPR, https://www.npr.org/2026/07/01/nx-s1-5874124/dhs-tracks-ice-critic (dated July 1, 2026) (last accessed Aug. 4, 2026). Similarly, Streever misreads a post on DHS' X account that likewise did not specifically acknowledge an investigation into Streever, but just stated generically that "ICE investigates all credible threats towards its employees and officers." Pl. Br. at 10 (citing Homeland Security (@DHSgov), X (July 6, 2026, 3:06 PM), https://x.com/DHSgov/status/2074208454974267678). Thus, there is no basis to conclude that the

Government ever confirmed specifically that it had an ongoing investigation into Streever. In fact, the Goodwin Declaration states the opposite. Goodwin Decl. ¶¶ 13–15. Agent Henry finished her investigation after attempting to meet with Streever and ICE OPR closed its investigative file on June 30. *Id.* Before the two statements that Streever points to, ICE OPR had already concluded its investigation. This happened before Streever sued on July 6, 2026. ECF No. 1.

The Court should also disregard Streever's conclusory assertion in his Opposition that he is not "alone," but "is one of untold numbers of Americans whose criticisms of DHS and ICE have placed them in those agencies' crosshairs, opening them to a months-long campaign to chill their speech." Pl. Opp. at 2-3 (citing Compl. ¶¶ 60–67). Grandstanding aside, that rhetoric does not match his Complaint. In those cited paragraphs, the Complaint recounts an unnamed "internet user" subject to a subpoena for his "Google account information" and a federal court case in Minnesota involving protesters (not the Warning Notices raised in Streever's Complaint). *See* Compl. ¶¶ 60–67. The Complaint further identifies just two people who received a "Warning Notice"—Streever and a Syracuse, New York resident named Paigelynn Gonyea. Compl. ¶¶ 7, 101. Hardly "untold numbers of Americans." Pl. Opp. at 2.

Finally, the relevant parties do not reside or work in this District. ICE Agents Henry and Brodie work in Jersey City. Goodwin Decl. ¶ 8. And DHS Agent Pitts works at John F. Kennedy International Airport. Goodwin Decl. ¶ 12. They reside far closer to the Western District of New York than here.

Under these facts, venue does not lie in this District as a matter of law. The D.C. Circuit has commanded that "Courts in this circuit must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly

should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

Streever offers no reason for this Court to ignore that command. The Court should reject his

attempt to "manufacture" venue here. *Id.* Streever unpersuasively tries to restrict *Cameron's*

command regarding venue to individual capacity suits for damages, writing: "while concerns about

'manufactur[ing] venue in the District of Columbia' may extend to 'individual capacity' suits

against federal government defendants, those concerns do not exist for official-capacity suits

against federal government defendants." Pl. Opp. at 5-6 (alteration in Pl. Opp., quoting *Cameron*,

*supra*). However, no part of the venue statute supports Streever's invention. *See* 28 U.S.C. § 1391.

No statutory text conditions venue on the form of relief a plaintiff seeks. *See id.* And one judge

of this Court has already rejected Streever's attempt to distinguish *Cameron* and to restrict the

venue rules based on the type of relief sought in the Complaint:

> Plaintiff argues that *Cameron* is inapposite because it involved a *Bivens* action, for
> which venue is not determined by 28 U.S.C. § 1391(e), and because the *Cameron*
> court noted that venue would have been proper in the District of Columbia on
> Plaintiff's claim for injunctive relief, which had become moot. Pl.'s Opp'n at 8–9
> (citing *Cameron*, 983 F.3d at 256, 257 n. 2). However, *Cameron* states a broad
> principle that courts in this Circuit must be wary of efforts to improperly
> manufacture venue in the District of Columbia, *see Cameron*, 983 F.3d at 256, and
> in no way limits that principle to *Bivens* actions. Moreover, courts in this Circuit
> have applied the same principle in suits where venue is controlled by 28 U.S.C.
> § 1391(e). *See Thomas v. Dep't of Defense*, Civ. A. No. 03–2483, 2006 WL
> 1890009, at *4–5 (D.D.C. Jul. 7, 2006).

*Abusadeh v. Chertoff*, Civ. A. 06-0014 (CKK), 2007 WL 2111036, at *5 n.3 (D.D.C. July 23,

2007).

Courts in this District routinely apply *Cameron* and dismiss or transfer cases. Just "naming

a cabinet secretary and agency directors does not alone anchor venue here." *Aftab v. Gonzalez*,

597 F. Supp. 2d 76, 81 (D.D.C. 2009). "Courts in the District of Columbia have found venue to

be proper when the agency official was personally involved in the decision making process." *Id.*

(collecting cases). "[A]ttenuated or insignificant involvement by an official in the District of

Columbia does not support venue" in the District. *Bourdon v. United States Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 307 (D.D.C. 2017) (transferring when plaintiff failed to allege well-pleaded facts of "any nationwide policy or anything else emanating from the District of Columbia."). Here, Streever's Complaint includes no well-pleaded allegations of a national policy or any basis from which to infer one. Nor does he allege the personal involvement of the DHS Secretary, ICE's Acting Director, or ICE OPR's Director. His brief—not his Complaint—speculatively asserts their involvement. Pl. Opp. at 1-2. The Court, of course, should not consider this speculation. Streever rests this speculation only on an inference—an unreasonable one at that—that the high-ranking officials become personally involved because they possess the legal authority to command or halt DHS and ICE employees. That is all. On that theory of venue, every lawsuit against every federal employee or every federal action would lie in Washington, D.C. if headquarters were here. That theory not only ignores *Cameron*'s command; it flips the law of venue on its head. It flouts Congress's division of venue established in 28 U.S.C. 1391(e). When Congress wants to establish universal venue, it knows how. *See* 5 U.S.C. § 552(a)(4)(B) (making the District of Columbia an available venue for all Freedom of Information Act claims). And that theory would lead to absurd results. For example, just because the Attorney General may command actions of Justice Department employees throughout the country (or any Cabinet official her Department, for that matter) does not provide venue at headquarters in Washington, D.C.

Ultimately, Streever rests his Opposition to transfer on his case's self-described "national significance." Pl. Opp. at 17. As support, he cites a few media stories published about his lawsuit. *Id.* at 18 n.10. But that is not the law of venue; the gravity of the allegations plays no part in the analysis. *See* 28 U.S.C. § 1391(e) (venue lies in a judicial district where (1) "a defendant in the action resides"; "a substantial part of the events or omissions giving rise to the claim occurred, or

a substantial part of property that is the subject of the action is situated"; or (3) "the plaintiff resides if no real property is involved in the action"). And if that were the law, then plaintiffs' counsel could file any suit in the nation's capital, include attention-grabbing allegations, give as many interviews as available outlets allowed, and then assert venue here. The purpose of venue law counters such efforts to "manufacture" venue here. *Cameron*, 983 F.2d at 256.[1]

Under these circumstances, the Court should dismiss for improper venue because Streever's case revolves around the state of New York. Although Streever remains adamant that his case remain here, he has not met his burden that he chose a proper venue. *See Williams*, 53 F. Supp. 3d at 36–37. Furthermore, Streever has offered no plausible reason why the Court should not transfer the case to the Western District of New York—where a substantial part of the events occurred. Given this refusal to engage on that alternative argument, it is appropriate for the Court to dismiss for improper venue.

*     *     *

---

[1] Streever's Opposition states that "Streever (and presumably his wife) chose this forum." Pl. Opp. at 14. Nothing entitles a plaintiff's spouse's choice to weight in the venue analysis. And the Opposition does not state her actual preference.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint for improper venue under Rule 12(b)(3).

Dated: August 10, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____ */s/ Mason D. Bracken* _____
    MASON D. BRACKEN
    DIMITAR GEORGIEV, D.C. Bar #1735756
    Assistant United States Attorneys
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7822
    mason.bracken@usdoj.gov
    dimitar.georgiev-remmel@usdoj.gov

*Attorneys for the United States of America*