UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID STREEVER,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, et al.,<br><br>Defendants. | Civil Action No. 26-2356 (RC) |

**DEFENDANTS' MOTION TO EXTEND THE DEADLINE FOR RESPONDING TO PLAINTIFF'S COMPLAINT**

Defendants, by and through undersigned counsel, respectfully move to extend the Government's deadline to answer or otherwise respond to Plaintiffs' complaint (ECF No. 1), until thirty days after the Court rules on Plaintiffs' pending motion for preliminary injunction (ECF No. 9). The answer or response to the complaint is presently due on September 4, 2026. Pursuant to Local Civil Rule 7(m), the parties conferred. Plaintiff consents to a thirty-day extension only, not to a stay of the deadline pending a decision on the motion for preliminary injunction. Defendant respectfully submits that good cause exists for this requested extension under Federal Rule of Civil Procedure ("Rule") 6(b), and in support thereof, states as follows.

1. In this First Amendment case, Plaintiff's motion for preliminary injunction is fully briefed. So is Defendants' motion to dismiss for improper venue under Rule 12(b)(3) or, in the alternative, to transfer venue. The Court has not yet ruled on either motion.

2. The Court possesses inherent authority to administer the scheduling of its cases. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for [the Court], for counsel,

and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Staying a deadline, changing deadlines, and setting briefing schedules are all well-within a court's discretion. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The Court must consider the circumstances in this case, "weigh[ing] competing interests and maintain[ing] an even balance." *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016).

3. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts enjoy broad discretion when deciding case management and scheduling matters." *McGehee v. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019).

4. Good cause exists to stay and extend Defendants' response to the complaint because both Plaintiffs' motion for a preliminary injunction and Defendants' motion to dismiss or transfer are fully briefed and pending before the Court. A decision on the motions may likely serve to conclude this case or clarify remaining issues and the scope of the litigation. Given the pending motion, it would be in the interest of judicial economy to extend the deadline for Defendants to answer or otherwise respond to Plaintiffs' complaint until a decision on the motion for preliminary injunction is made.

5. This stay and extension would complement what the Court wrote on July 29, 2026: "FURTHER ORDERED that Defendants have leave to raise other defenses under Fed. R. Civ. P. 12 on or before any such motion is due in response to the complaint (i.e., sixty days after service

has been effected on Defendants pursuant to Fed. R. Civ. P. 4(i) or as otherwise extended by the Court)." ECF No. 18 at 3.

6. Courts in this District have routinely granted motions to extend like this one. Recently, the court granted an identical motion to extend pending decision on a motion for preliminary injunction in *Sarrafi v. Edlow*, Civ. A. No. 26-0282 (AHA). *See* Minute Order (Apr. 1, 2026). Likewise, the court granted a similar motion in *Miot v. Trump*, Civ. A. No. 25-2471 (ACR). *See* Minute Order (Apr. 6, 2026).

7. Generally, courts routinely grant motions to extend where doing so has the potential to, as it does here, promote judicial efficiency and conserve judicial resources. *See, e.g.*, *Convisser v. Exxon Mobil Corp.*, 2024 WL 4476563, at *2 (W.D. Va. Oct. 11, 2024) ("The court finds good cause to grant that extension, as addressing the pending motions . . . first may streamline both discovery and the resolution of Plaintiffs' motions without causing any undue delay in the proceedings."); *Fick v. Lycee Francais de la Nouvelle Orleans, Inc.*, 2026 WL 947925, at *6 (E.D. La. Apr. 8, 2026) (granting extension where party "appears to have been seeking to promote judicial efficiency and conserve judicial resources").

8. Defendants are unaware of any prejudice that will be experienced by either party by the requested relief. As noted above, a decision on Plaintiffs' motion for preliminary injunction or Defendants' motion to dismiss for improper venue or transfer may serve to conclude this case or clarify remaining issues and the scope of the litigation. To that end, Defendants believe an extension is in the interests of both parties.

* * *

A proposed order is attached.

Dated: September 4, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Mason D. Bracken*

MASON D. BRACKEN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523
mason.bracken@usdoj.gov

*Attorney for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID STREEVER,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, et al.,<br><br>Defendants. | Civil Action No. 26-2356 (RC) |

**[PROPOSED] ORDER**

Upon consideration of Defendants' motion to extend the deadline to answer or otherwise respond to Plaintiffs' complaint, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that Defendants shall file their answer or otherwise respond to Plaintiffs' complaint thirty days after the Court's decision on the motion for preliminary injunction.

SO ORDERED.

_______________
Date

______________________________
RUDOLPH CONTRERAS
United States District Judge